# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRENTON H., and FLORA H., individually and as Parent and Next Friend of BRENTON H., <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF THE CITY OF CHICAGO, DISTRICT 299, <br><br> Defendant. | Case No. 10-cv-1360 <br><br> Judge Sharon Johnson Coleman <br><br> Magistrate Judge Michael T. Mason |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Brenton H. and Flora H. (collectively "Plaintiffs") bring this action seeking attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), against defendants Board of Education of the City of Chicago and District 299 (collectively "Defendants"). Plaintiffs allege that they are entitled to these fees, stemming from a due process hearing where they claimed that defendants failed to provide Brenton H. with a free appropriate public education. Both parties now move for summary judgment. For the reasons that follow, the Court grants summary judgment in Plaintiffs' favor in part.

## BACKGROUND

The following facts are undisputed unless indicated otherwise. During the 2008-2009 academic year, Brenton H. ("Brenton"), was a 15 year-old student in his second year at Lincoln Park High School. (Def.'s Resp. to Pls.' Rule 56.1 Statement of Facts ("Def.'s Resp."), ¶ 5.) Brenton has a learning disability that qualifies him to receive special education services from the Chicago Public Schools ("CPS"). (*Id*.) Brenton's initial eligibility determination occurred in

2002.¹  (*Id.*)  The results from this evaluation showed Brenton with average intelligence and test scores at the floor of the below average range.  (*Id.* at ¶ 6.)  The evaluation also indicated that Brenton's academic deficits would only increase without significant educational assistance.  (*Id.* at ¶ 6.)  A second evaluation was conducted in June 2005 when Brenton was completing the 6th grade.  (*Id.* at ¶ 8.)  This evaluation indicated that Brenton was now performing nearly three academic years below his grade level.²  (*Id.*)  The evaluation also identified the need for a behavior intervention plan for Brenton.  (*Id.* at ¶ 9.)

A third evaluation was conducted in June 2008 as Brenton was completing his freshman year at Lincoln Park High School.  (*Id.* at ¶ 11.)  This evaluation placed Brenton in the third percentile in reading and the first percentile in mathematics, far below grade level.  (*Id.*)  Upon learning of these results, Brenton's mother, Flora H., filed a request for a due process hearing with the Board of Education of the City of Chicago on July 28, 2008.  (*Id.* at ¶ 12.)

The hearing request alleged that Chicago Public School District 299 (the "District") had denied Brenton a free and appropriate education ("FAPE").  (*Id.*)  In addition, Flora requested that an Independent Educational Evaluation ("IEE") be conducted at public expense.  (*Id.*)  The proceedings were bifurcated and an initial hearing was scheduled for October 24, 2008 to address the IEE claim only.  (*Id.* at ¶ 15.)  Two days prior to the scheduled hearing the Board agreed to pay up to $3,000.00 for an IEE.  (*Id.*)

Flora retained Dr. Cori Scalzo, a pediatric neuropsychologist, to perform the evaluation.  (*Id.* at ¶ 16.)  Dr. Scalzo determined that Brenton's learning disability in reading had been unsuccessfully treated by the District over many years resulting in Brenton being six grade levels

---

1 That the parties dispute whether Brenton was in the 1st or 4th grade at the time of his initial eligibility determination Brenton's grade level in 2002 is not material to the matter before the Court.
2 Defendant purports to dispute the results of Brenton's second and third evaluations but provides no evidentiary support for these assertions.  (Def.'s Resp. ¶¶ 8, 11.)  Thus, the Court deems these facts admitted.  L.R. 56.1.

delayed in reading, eight grade levels delayed in written expression, and five grade levels behind in math. (*Id.* at ¶ 17.) Based on Dr. Scalzo's report, the District made referrals to an audiologist and a speech pathologist. (*Id.* at ¶ 18.) Evaluators determined that Brenton's responses indicated an auditory disorder as well as significant speech delays. (*Id.* at ¶ 19.)

In April 2009, Dr. Scalzo evaluated Brenton a second time and confirmed his continued performance at a lower elementary school level despite being in his second year of high school. (*Id.* at ¶ 21.) These evaluation results led to the District's decision to place Brenton in a therapeutic day school, the Cove School ("Cove") located in a far northern suburb. (*Id.* at ¶ 22.) Brenton was subsequently enrolled in Cove for the summer of 2009 and the 2009-2010 school year. (Pls.' Resp. to Def.'s Rule 56.1 Statement of Facts ("Pls.' Resp."), ¶ 6.)

In an attempt to settle the issue that Brenton had been denied a free and appropriate public education without need for a hearing, the District proposed an after school tutoring and social work program for Brenton. (Pls.' Resp. ¶ 9.) The District's proposal included 120 minutes of educational services each week for two years with a budget amount capped at $75.00 per hour to be paid by the District. (*Id.*) Seven days before the hearing, Plaintiffs countered the District's proposal and offered to accept 200 hours of tutoring by Cove staff with transportation costs included, payment of $6,000.00 to cover the costs of a laptop computer and discretionary items, plus an $8,000.00 payment for attorney's fees. (Def.'s Rule 56.1 Statement of Facts, Ex. A, Attachment 6.)

The parties were unable to reach agreement and the due process hearing was held on September 22-24, 2009. (Pls.' Resp. ¶ 13.) The hearing officer addressed Brenton's claims for evaluation, compensatory education, and related services for him. (Def.'s Resp. ¶ 26.) The Hearing Officer, W. David Utley, issued a Decision and Order on October 5, 2009. (Impartial

Due Process Hearing Decision Cover Page, Exhibit A, ("Hearing Decision"), p. 1) The hearing officer found that the District had failed to "provide essential related services in the areas of assistive technology." (*Id.* at A-19.) The hearing officer also found that the District had misdiagnosed Brenton's underlying difficulties. (*Id.* at A-25.) The resulting order required the District to provide two years of compensatory services, including: after school teaching, an assistive technology evaluation and implementation, an IEP to review services within thirty days, and proof of compliance within forty-five days. (*Id.* at A-25, A-26.) On December 30, 2009, Brenton submitted a claim for attorneys' fees to CPS for $48,281.72. (Complaint ¶18; Answer ¶19.) On February 28, 2010, Brenton filed this action for the recovery of attorneys' fees.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006); FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and judgment as a matter of law should be granted in its favor. *Vision Church*, 468 F.3d at 988. Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto Servs. v. Lake County, Ill.,* 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson* v. *Liberty Lobby, Inc.*,

477 U.S. 242, 252 (1986). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

## DISCUSSION

**1.     Statute of Limitations**

The District contends that Brenton's claim for attorney's fees fails because it was not brought within the statute of limitations applicable to claims under the Individuals with Disabilities Education Act ("IDEA"). (Dkt. No. 18 p. 1.) The parties agree that the limitation period for filing a civil action for attorneys' fees is 120 days. (*Id.* at p. 6; Dkt. No. 21 p. 12.) However, the parties dispute when the limitations period begins to accrue. Specifically, the parties disagree about when a decision from the hearing officer should be construed as "final" for the purposes of triggering the statute of limitations on a claim for attorneys' fees. Brenton contends that an administrative decision is not final until it may no longer be appealed. (Plaintiff's Memorandum of Law in Support of Their Motion for Summary Judgment ("Plaintiff's Memo"), p. 12) The District, on the other hand, argues that the statute should run from the date that a defendant notifies the opposing party of its intent to comply with the decision. (Defendant Board's Memorandum in Support of Motion for Summary Judgment ("Defendant's Memo"), p. 7)

In Illinois, for IDEA cases that involve a hearing, the 120 day statute of limitations for fee petitions begins to accrue once the decision becomes final. *Rosemary B. v. Bd. of Educ. of Comm. H.S. No. 155*, 52 F.3d 156, 159 (7th Cir. 1995). The Seventh Circuit has clearly explained that a hearing officer's decision is final when all judicial remedies for the school district have been exhausted. *McCartney C. v. Herrin Comm. Unit Sch. Dist. No. 4*, 21 F.3d 173,

175 (7th Cir. 1994). The hearing officer's decision becomes final after 120 days if the school board does not appeal the decision to the agency. *Id.* Otherwise, a lawsuit for fees would be premature. Until that point, the parent does not know whether she has any claim to attorneys' fees. *Id*; see also *Dell v. Board of Education, Township High School District 113,* 32 F.3d 1053, 1063 (7th Cir. 1994).

The District argues that the instant case is distinguishable from *McCartney C.* and similar cases because, here, the school district notified Brenton that it did not intend to pursue an appeal, but instead, that it would comply with the decision. (Defendant's Memo, p. 6-7) This court disagrees.

In the instant case, the hearing officer's decision was rendered on October 5, 2009. (Hearing Decision, p. 1) Because the District did not appeal the decision, the order became final once the District's time for appeal expired on February 2, 2010, 120 days following the hearing officer's decision. On that date, the statute of limitations began to accrue on Brenton's suit for attorneys' fees. Brenton's suit for attorneys' fees was filed on February 28, 2010, well within the 120 day limit. Therefore, Brenton's suit is not barred.

**2.     Prevailing Parties**

Having found that the instant law suit is not barred by the statute of limitations, this Court will address whether, as a matter of law, plaintiffs are entitled to attorneys' fees. IDEA provides that a district court "in its discretion, may award reasonable attorneys' fees as part of the costs" to a "prevailing party" who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B). The award of attorneys' fees under the statute is subject to a determination that the relief obtained by a judgment is more favorable to the plaintiffs than any offer of settlement. §1415(i)(3)(D).

Here, the basic facts, with respect to what the hearing officer's decision stated, are not in dispute. The parties dispute concerns the legal effect of that decision. Specifically at issue is whether Brenton is a "prevailing party" pursuant to IDEA, and whether the settlement offered by the school board was more favorable to Brenton than the relief granted under the decision.

In *Farrar v. Hobby*, the Supreme Court set forth the doctrine of prevailing parties, stating that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 506 U.S. 103, 111 (1992). In *Buckhannon v. West Virginia Dep't of Health and Human Resources,* even if a case brought about a change in the behavior of a defendant, a plaintiff had not prevailed unless there was a judgment to that effect. 532 U.S. 598, 610 (2001). A judgment need not be substantial. *Id.* at 604. Even nominal relief, as long as it altered the material legal relationship between parties, may suffice to establish a party as prevailing. *Id.* However, a party does not "prevail" if its victories are *only* small and *only* tactical. *Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U*, 109 F.3d 1250, 1254 (7th Cir. 1997).

In the instant case, the District argues that Brenton is not a prevailing party because Brenton lost on "eight of nine issues that went to hearing." (Defendant's Memo, p. 5). However, prevailing party status is not dependent on the degree of victory, but on whether the legal relationship between parties has changed. *Farrar*, 506 U.S. at 112. When hearing officer Utley's decision was rendered, the District was compelled to provide two years of compensatory education services, including three hours of specialized and individualized training at the District's expense. In addition, the District was compelled to provide an Assistive Technology ("AT") Evaluation and Implementation. (Hearing Decision, p. A-25-26) Defendant argues that

the decision did not change the legal relationship because the District had already ordered, before the hearing, that an AT Evaluation be performed. (Defendant's Memo, p. 6) However, the hearing officer found that though the District had recommended AT Evaluations, these recommendations had not been "implemented in their totality." (Hearing Decision, A-20). The undisputed record shows that the decision provided benefits to Brenton that were previously unavailable to him. The order, therefore, clearly changed the legal relationship between Brenton and the District. Accordingly, Brenton was the prevailing party. Therefore granting summary judgment on the question of attorney's fees in Brenton's favor is appropriate.

Additionally, the Seventh Circuit has required that for prevailing party status to apply, the benefit received by the plaintiff must exceed the benefit offered by the defendant prior to the litigation. *T.D. v. Lagrange School District No. 102*, 349 F.3d 469, 478 (7th Cir. 2003). In *T.D.,* the court determined that, with regard to the student's due process hearing, that the hearing officer's decision provided the plaintiff with a case-study evaluation, which ultimately led to reimbursement for private school costs and transportation costs. *Id.* at 480. The court noted that because the decision led to relief not previously available to the plaintiff, the plaintiff had succeeded to the extent that the plaintiff was a "prevailing party." *Id.*

The District asserts that Brenton was not the prevailing party, pursuant to §1415(i)(3)(D), because the August 18, 2009, settlement offer to Brenton was more favorable than the relief granted in the decision. The District bases this argument, in part, on the supposition that the AT Evaluation and Implementation were already offered by the District. *Id.* Yet, the hearing officer found that the District's actual implementation of AT Evaluations was lacking. Moreover, the hearing officer determined that the use of assistive technologies would directly address Brenton's specific needs and deficiencies. (Hearing Decision, p. A-20) Finally, the hearing

officer's decision provided for the District to pay transportation costs for Brenton, which the District had not offered in its settlement proposal. (Decision Hearing Clarification, Exhibit C) For these reasons, the relief granted by the Decision was more favorable than that on offer in the District's offer of settlement.

There being no genuine dispute of the material facts, this Court finds that the hearing officer's decision conferred benefits on Brenton that were not previously available to him. In this way, the decision materially altered the parties' legal relationship. Thus, this Court finds as a matter of law that Brenton was a prevailing plaintiff, pursuant to 20 U.S.C. § 1415(i)(3)(B) for the purpose of recovering attorneys fees.

**3.     Reduction of Attorneys' Fees**

After finding that Brenton qualifies as a prevailing party under IDEA, the Court must still consider the reasonableness of the request for an award. *See Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 708 (7th Cir. 2005). Section 1415(i)(3)(C) provides for the method for determining the amount of attorneys' fees to be awarded. 20 U.S.C. § 1415(i)(3)(C). Under that section, fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." *Id.* The District does not contest the reasonableness of counsels' hourly rate of compensation. Rather, the District contends that attorneys' fees should be reduced to reflect Brenton's degree of success. (Defendant's Memo, p. 9-10). When a complaint meets with only partial success, the award may be modified downward. *Spellan v. Board of Educ. for Dist. 111,* 59 F.3d 642, 646 (7th Cir. 1995).

It is true that Brenton prevailed in, at best, two of the nine issues presented in the hearing officers decision. (Process Hearing, A-19 – A-25) The issues on which Brenton prevailed,

however, led to an improvement in Brenton's condition. As a result of the decision, Brenton received two years of compensatory services, including three hours per week of personalized tutoring, Assistive Technology Evaluations and Implementations, and reimbursement for transportation costs. (Process Hearing Clarification, Def. 56.1 Resp. Ex. D). The relief granted and the legal issue on which Brenton prevailed were significant. Moreover, the public goals targeted in the Individuals with Disabilities Education Act were substantially accomplished because Brenton will receive a proper education suitable to his needs as a result of the hearing officer's decision.

Plaintiffs' victory, however, was not absolute. On at least seven of the nine issues presented, the hearing officer found in favor of the school district. Accordingly, attorneys' fees should be reduced modestly to reflect that partial success. Plaintiffs admit that much of the monetary relief they requested, such as payment for a laptop and social work services, was not awarded. Thus, plaintiffs request that, if the Court decides to reduce the attorneys' fees, that it reduce the award by no more than 25%.

The District also challenges plaintiffs' request for attorneys' fees for time spent prepping the expert witness, Dr. Daniel-Crotty, and on IEE claims. However, the District did not commit to providing an IEE until two days prior to the scheduled hearing on October 24, 2008. Since no attorney time appears to have been spent on prepping the witness and IEE claims for the hearing after the District agreed to pay for an IEE, this Court finds that those expenses are recoverable. Based on the foregoing, plaintiffs' total request for attorneys' fees will be reduced by 25% to $36,211.29.

**4.     Prejudgment Interest**

A court may award prejudgment interest to ensure parties are fully compensated for their

losses. *City of Milwaukee v. Cement Div., Na'l Gypsum Co.*, 515 U.S. 189, 195 (1995). The goal is to restore a party to his pre-injury condition. *Id.*

The District argues that prejudgment interest should not be awarded on two grounds: First, the District asserts that because Brenton did not raise the matter of prejudgment interest in his complaint, or in the fee statement, he is precluded from raising the issue in his motion for summary judgment. (Def. Resp. p. 5) The District further argues that it should not have to pay prejudgment interest because the settlement offer was more favorable to Brenton, the responsibility for any delay fell upon Brenton, not the District. (Def. Resp. p. 5)

Awarding prejudgment interest, lies in the sound discretion of the court. *United States v. Bd. of Educ. of Consol. High Sch. Dist. 230, Palos Hills, Ill.*, 983 F.2d 790, 799 (7th Cir.1993). The court's discretion to deny prejudgment interest is limited since the Seventh Circuit held that, "prejudgment interest should be *presumptively* available to victims of federal law violations." (Emphasis added.) *Gorenstein Enters. V. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). As discussed above, this Court finds that Brenton is a prevailing party after suffering from a violation of federal law by the District's failure to provide for his needs under IDEA. Additionally, this Court has also determined that the settlement offer was not more favorable to Brenton. This Court has an interest in making plaintiffs whole. In order to restore Brenton to his pre-injury condition, this Court finds that the award of prejudgment interest is proper.

For purposes of calculating prejudgment interest, the date on which accrual begins is 60 days from the date that plaintiffs submitted their fee petition to the District. The Seventh Circuit has held that prejudgment interest begins to accrue at the time payment was due. *Am. Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 937 (7th Cir. 2003). Here, plaintiffs fee petition, dated December 30, 2009, states that the District has until January 15, 2010, to notify

plaintiffs of its intention to pay and an additional 45 days in which to make the actual payment. (Pl. Rule 56.1 Statement, Ex. B.) Payment therefore was due 60 days from the date of the petition or February 28, 2008. This Court finds that the District shall be liable for prejudgment interest, accruing from February 28, 2010, using the Prime Rate existing during that time as the rate of accrual. *See Gorenstein,* 874 F.2d at 436.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part plaintiffs' motion for summary judgment [20] and denies in part defendant's motion for summary judgment [17] and awards attorneys' fees in the amount of $36,211.29 plus prejudgment interest consistent with this opinion.

IT IS SO ORDERED.

Date: 9/28/2011

Entered: _____
Sharon Johnson Coleman